IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ORTIZ,<br><br>    Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION,<br><br>    Defendant.<br>_____/ | No. C -12-05859(EDL)<br><br><br><br>**ORDER** |

    On May 21, 2013, Defendant CVS filed a notice of pendency of other action, under Civil Local Rule 3-13, which calls for a party to file a notice when it learns that its case "involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court." Civ. L.R. 3-13(a). Defendant's notice states that there is a potentially related case called <u>Kimberly Murphy v. CVS Caremark Corporation</u>, LASC No. BC464785, pending in Superior Court in L.A. County. Both <u>Murphy</u> and this case are putative class actions against CVS regarding off-the-clock security searches. CVS states that it "does not believe that these lawsuits should be coordinated because each lawsuit contains non-overlapping claims." Docket No. 20 at 1.

    Local Rule 13-3 allows an opposing party to file a statement supporting or opposing the Notice. Plaintiffs have filed an opposition, objecting to Defendant's delay in filing the Notice and contending that Defendant must have known about <u>Murphy</u> long before it filed the Notice on May 21, 2013. <u>Murphy</u> was filed in state court in July of 2011; this case was filed in September of 2012. Plaintiffs also state that they have discovered another similar case, <u>Howard v. CVS Caremark Corporation,</u> LASC No. BC502899, also pending in L.A. County Superior Court, filed on March 14,

1 2013. Plaintiffs in Howard filed a statement of related case in Murphy on May 10, 2013. Docket
2 No. 21 at 4.

3 Plaintiffs state that the Murphy class certification motion, which was filed on January 25,
4 2013, seeks to certify claims of "all nonexempt employees in CVS stores since July 5, 2007, who
5 have been, are or will be subjected to security checks and/or labeling of their personal [property]."
6 Id. at 3, 4. Plaintiffs contend that the Murphy claims "directly overlap[]" with the claims in this
7 case, and there are approximately 50,000 non-exempt CVS employees who are putative class
8 members in this case who are directly affected by the certification motion in Murphy. Plaintiffs
9 argue that "given the large size of the classes represented in the present matter, Murphy v. CVS, and
10 Howard v. CVS, and the significant overlap of common questions of law and fact that affect the
11 same group of individuals, these three cases should be coordinated to avoid conflicts, conserve
12 resources and promote an efficient determination of the actions." Id. at 5.

13 It is HEREBY ORDERED that Defendant respond to Plaintiffs' opposition by June 10, 2013,
14 in a brief of no more than five pages.

15 **IT IS SO ORDERED.**

18 Date: May 31, 2013

_____
ELIZABETH D. LAPORTE
Chief United State Magistrate Judge

2