United States District Court
For the Northern District of California

1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    ELIZABETH ORTIZ,

9              Plaintiff,                          No. C -12-05859(EDL)

10   v.

11   CVS CAREMARK CORPORATION,                     **ORDER**

12             Defendant.
     _____/
13

14

15          On May 21, 2013, Defendant CVS filed a notice of pendency of other action, under Civil

16   Local Rule 3-13, which calls for a party to file a notice when it learns that its case "involves all or a

17   material part of the same subject matter and all or substantially all of the same parties as another

18   action which is pending in any other federal or state court." Civ. L.R. 3-13(a).  Defendant's notice

19   states that there is a potentially related case called Kimberly Murphy v. CVS Caremark Corporation,

20   LASC No. BC464785, pending in Superior Court in L.A. County.  Both Murphy and this case are

21   putative class actions against CVS regarding off-the-clock security searches.  CVS states that it

22   "does not believe that these lawsuits should be coordinated because each lawsuit contains non-

23   overlapping claims."  Docket No. 20 at 1.

24          Local Rule 13-3 allows an opposing party to file a statement supporting or opposing the

25   Notice.  Plaintiffs have filed an opposition, objecting to Defendant's delay in filing the Notice and

26   contending that Defendant must have known about Murphy long before it filed the Notice on May

27   21, 2013.  Murphy was filed in state court in July of 2011; this case was filed in September of 2012.

28   Plaintiffs also state that they have discovered another similar case, Howard v. CVS Caremark

     Corporation, LASC No. BC502899, also pending in L.A. County Superior Court, filed on March 14,

United States District Court
For the Northern District of California

1   2013.  Plaintiffs in Howard filed a statement of related case in Murphy on May 10, 2013.  Docket

2   No. 21 at 4.

3       Plaintiffs state that the Murphy class certification motion, which was filed on January 25,

4   2013, seeks to certify claims of "all nonexempt employees in CVS stores since July 5, 2007, who

5   have been, are or will be subjected to security checks and/or labeling of their personal [property]."

6   Id. at 3, 4.  Plaintiffs contend that the Murphy claims "directly overlap[]" with the claims in this

7   case, and there are approximately 50,000 non-exempt CVS employees who are putative class

8   members in this case who are directly affected by the certification motion in Murphy.  Plaintiffs

9   argue that "given the large size of the classes represented in the present matter, Murphy v. CVS, and

10  Howard v. CVS, and the significant overlap of common questions of law and fact that affect the

11  same group of individuals, these three cases should be coordinated to avoid conflicts, conserve

12  resources and promote an efficient determination of the actions."  Id. at 5.

13      It is HEREBY ORDERED that Defendant respond to Plaintiffs' opposition by June 10, 2013,

14  in a brief of no more than five pages.

15      **IT IS SO ORDERED.**

16

17

18

19  Date: May 31, 2013

20  ELIZABETH D. LAPORTE
    Chief United State Magistrate Judge

21

22

23

24

25

26

27

28