United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ORTIZ and GAIL MILLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS CAREMARK CORPORATION, et al.,<br><br>Defendant. | No. C -12-05859(EDL)<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES** |

This case is a putative class action against Defendants CVS Caremark Corporation and CVS Pharmacy, Inc., for off-the-clock work by non-exempt employees. The plaintiffs in Howard v. CVS Caremark Corp., No. 13-4009 (NC), have filed an administrative motion to relate their case to this one. Docket No. 41. Defendants oppose the motion to relate. Plaintiffs in Ortiz do not oppose the motion.

Howard v. CVS Caremark Corp. was initially filed in Los Angeles Superior Court on March 14, 2013. It alleges that CVS pharmacy employees "were not paid for all wages earned, due to a combination of being asked to work off-the-clock, being understaffed, and being told that overtime would no longer be approved." Declaration of Jennifer Zargarof ISO Opp. to Motion to Relate ("Zargarof Decl.") Ex A at 5. The case here, Ortiz, initially involved many wage and hour claims on behalf of virtually all of CVS's California employees, including missed meal and rest breaks, failure to reimburse business expenses, failure to provide accurate wage statements, and various off-the-clock allegations, mostly related to security checks. See Docket No. 5, at 4-5. However, following the proposed settlement of Murphy v. CVS, Case No. BC464785, in Los Angeles Superior Court, the Court stayed the claims in Ortiz arising from security checks. Docket

1  No. 29.  In the Class Certification Motion filed on September 6, 2013, Plaintiffs in Ortiz further
2  narrowed their claims, seeking to certify a class for unpaid off-the-clock work for interstore
3  merchandise deliveries and pickups, as well as for claims that Defendants did not fully reimburse
4  employees for mileage.  Docket No. 31 at 2-3.
5        The Howard plaintiffs initially sought to have that case related to Murphy v. CVS in state
6  court, but that request was denied.  Declaration of Janine Menhennet ISO Motion to Relate
7  ("Menhennet Decl.") ¶ 2.  CVS then removed Howard to the Central District of California, where it
8  was deemed related to two actions previously before Judge Otero.  See Docket No. 43 at 2 (August
9  22, 2013 Order of Judge Otero, hereafter "Otero Order").  The Howard plaintiffs filed a motion to
10  transfer venue to the Northern District of California, which Judge Otero granted on August 22, 2013,
11  approximately two weeks prior to the narrowing of the scope of the Ortiz claims in Plaintiff's
12  Motion for Class Certification.  Judge Otero held that "[t]he interests of justice weigh strongly in
13  favor of transferring this case to the Northern District of California" because "there is significant
14  overlap between the instant action and the Ortiz action that is currently pending . . . as both actions
15  involve claims for off-the-clock labor, and the proposed class in Ortiz includes, inter alia, the
16  pharmacy employees that Plaintiffs seek to represent here."  Otero Order at 5.  Judge Otero held that
17  transferring the case to the Northern District was in keeping with section 1404(a)'s purposes of
18  preventing the waste of time, energy, and money, and protecting against unnecessary inconvenience
19  and expense.  Id.  CVS opposed the motion, but Judge Otero stated that it appeared that the claims
20  in Howard were "substantially subsumed within those presented in Ortiz . . . ."  Id. at 6.  The newly
21  transferred case was assigned to Judge Cousins as No. 13-4009.
22        Local Rule 3-12(a) states that an action is related to another when "1) the actions
23  concern substantially the same parties, property, transaction or event; and 2) it appears likely that
24  there will be an unduly burdensome duplication of labor and expense or conflicting results if the
25  cases are conducted before different judges."  Civ. L.R. 3-12(a).  The Howard plaintiffs' allegations
26  appear to cover all CVS pharmacy employees in California, exempt and non-exempt, who were
27  underpaid because of off-the-clock work, understaffing, and lack of approval of overtime.  The Ortiz
28  plaintiffs seek to represent all non-exempt CVS employees in California (including some pharmacy

2

1 employees) in claims for unpaid wages for off-the-clock work for inter-store
2 merchandise/medication deliveries and pickups, as well as for unpaid or underpaid mileage
3 reimbursement. The interstore transfer theory of liability that is the backbone of the Ortiz claims is
4 never mentioned in the Howard complaint. See Zargarof Decl. Ex. A. There is some overlap
5 between the classes, since some non-exempt pharmacy employees in the putative Howard class
6 allegedly performed uncompensated off-the-clock interstore transfers that would also put them in the
7 Ortiz class. However, the limited overlap of some class members is not enough to reach the
8 "substantial similarity" threshold.

9 In terms of the second prong, duplication of labor and the potential for inconsistent results,
10 the Howard plaintiffs argue that they provided declarations in support of the Ortiz class certification
11 motion and coordinated depositions of two of the Howard plaintiffs with counsel for the Ortiz
12 plaintiffs. This minor overlap is not significant enough to show a likelihood of "unduly burdensome
13 duplication of labor." Although there is a remote possibility of inconsistent results, the Ortiz claims
14 are much narrower than the Howard claims, and an adjudication on the interstore transfer claims
15 would not affect the Howard plaintiffs' ability to proceed with their other off-the-clock theories, as
16 well as their understaffing and no-overtime claims.

17 When Judge Otero issued his order transferring Howard to this district, the Ortiz claims were
18 still very broad and subsumed the claims in Howard. However, the claims that the Ortiz plaintiffs
19 seek to certify are much narrower than those that were at issue when Judge Otero made his transfer
20 decision. Therefore, the Court denies the Howard plaintiffs motion to relate that case to Ortiz.

**IT IS SO ORDERED.**

Dated: 10/11/13

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

3