1

2

3

4

5                         IN THE UNITED STATES DISTRICT COURT

6                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    ELIZABETH ORTIZ, et al.,                    No. C -12-05859 EDL

9              Plaintiffs,                        **ORDER GRANTING DEFENDANTS'
                                                  MOTION TO STRIKE**
10      v.

11   CVS CAREMARK CORPORATION,
     et al.,
12
               Defendants.
13   _____/

14        Plaintiffs filed this case as a putative class action seeking damages for unpaid off-the-clock

15   work for inter-store merchandise deliveries and mileage reimbursement under California labor

16   statutes.  Plaintiffs also brought a claim based on California's Private Attorney General Act

17   ("PAGA"), Cal. Labor Code section 2699(a).  The Court previously denied Plaintiffs' Motion for

18   Class Certification, but Plaintiffs wish to proceed with a representative action under PAGA on

19   behalf of themselves and other aggrieved employees who performed such inter-store transfers.

20   Defendants have moved to strike the PAGA claim.  For the reasons stated at the hearing and in this

21   Order, Defendants' Motion to Strike is granted.

22   **Legal Standard**

23        A court may "strike from a pleading an insufficient defense or any redundant, immaterial,

24   impertinent, or scandalous matter."  Fed. R. Civ. Pro. 12(f).  The purposes of a Rule 12(f) motion is

25   to avoid spending time and money litigating spurious issues.  See Fantasy, Inc. v. Fogerty, 984 F.2d

26   1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517 (1994).

27   **Discussion**

28        Under PAGA, an "aggrieved employee" may bring a civil action personally and on behalf of

     other current or former employees to recover civil penalties for Labor Code violations.  See Cal.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    Lab. Code, § 2699(a).  Of the civil penalties recovered, seventy-five percent goes to the Labor and

2    Workforce Development Agency, with the remainder to the "aggrieved employees."  Id. § 2699(I).

3           Here, Plaintiffs allege that they brought the PAGA claim on behalf of themselves and all

4    other current or former employees of Defendants based on alleged violations of the Labor Code.

5    FAC ¶ 92.  Plaintiffs allege that Defendants failed to pay at least minimum wage for all hours

6    worked in violation of Labor Code sections 1194, 1198; failed to pay overtime in violation of Labor

7    Code sections 510, 1194, 1198; failed to provide meal periods in violation of Labor Code section

8    226.7, 512; failed to provide rest periods in violation of Labor Codes section 226.7; failed to

9    indemnify Plaintiffs for business related expenses in violation of Labor Code section 2802; failed to

10   pay Plaintiffs twice each calendar month on designated paydays for all wages earned in violation of

11   Labor Code section 204; failed to pay Plaintiffs who have terminated or will  terminate their

12   employment with Defendants prior to entry of judgment in this case all wages owed to them at

13   termination in violation of Labor Code sections 201, 202; and failed to furnish accurate, itemized

14   wage statements in violation of Labor Code section 226(a).  FAC ¶ 94.  Based on these violations,

15   Plaintiffs allege that they are entitled to civil penalties under PAGA.  FAC ¶ 96.

16          Defendants argue that Plaintiffs' PAGA claim must comply with the representative action

17   requirements in Federal Rule of Civil Procedure 23, and because the Court has denied Plaintiffs'

18   class certification motion, Plaintiffs cannot satisfy Rule 23 as to the PAGA claim.  Alternatively,

19   Defendants argue that Plaintiffs' PAGA claim is unmanageable as a representative action and should

20   be dismissed on that basis.

21          **1.      Plaintiffs need not satisfy the representative action requirements of Rule 23 in order to maintain their PAGA claim**

22          An aggrieved employee suing in a representative capacity under PAGA is not required to

23   satisfy class action requirements if the action is brought in state court.  See Arias v. Superior Court,

24   46 Cal.4th 969, 980 (2009).  However, the Ninth Circuit has yet to decide whether plaintiffs

25   bringing a PAGA claim in federal court must satisfy the requirements of Rule 23, and the district

26   courts in California are split on the issue.  Decisions finding in favor of the application of Rule 23

27   rely primarily on a determination that PAGA is a procedural statute rather than a substantive one,

28   and therefore, is not determinative of the procedures required in federal court.  See Thompson v.

1   APM Terminals Pacific Ltd., 2010 WL 6309364 (N.D. Cal. Aug. 26, 2010); see also Halliwell v. A-

2   T Solutions, 2013 U.S. Dist. LEXIS 166583, at *9-10 (S.D. Cal. Nov. 7, 2013); Ivey v. Apogen

3   Techs., Inc., 2011 WL 3515936 (C.D. Cal. Aug. 10, 2011); Adams v. Luxottica U.S. Holdings

4   Corp., 2009 WL 7401970 (C.D. Cal. July 24, 2009).

5           Other decision have held that PAGA claims need not meet federal class action requirements

6   because of the distinctions between a PAGA representative action and a true class action.  See

7   Willner v. Manpower, Inc., 2012 U.S. Dist. LEXIS 62227, at *25-26 (N.D. Cal. May 3, 2012)

8   (reconsidering ruling made in Thompson: "This Court had previously sided with the minority of

9   courts which found that PAGA claims had to satisfy the class action requirements of Rule 23.

10  However, upon further consideration and review of the authority subsequent to the Court's opinion,

11  the Court reconsiders its prior position. . . .  The Court finds that the reasoning of these courts which

12  have determined that representative PAGA claims need not be brought as class actions is persuasive.

13  PAGA claims are fundamentally different from class actions."); Moua v. International Business

14  Machines Corp., 2012 U.S. Dist. LEXIS 11081, at *10-11 (N.D. Cal. Jan. 31, 2012) ("Having

15  reviewed the relevant case law, this court is persuaded to find that PAGA plaintiffs are not required

16  to meet the class action standard contained in Rule 23. As other district courts have observed, PAGA

17  transcends the definition of what is simply procedural. The statute's plain purpose is to protect the

18  public interest through a unique private enforcement process, not to allow a collection of individual

19  plaintiffs to sue the same defendant in one consolidated action for the sake of convenience and

20  efficiency. Comparing PAGA to a statute or rule of procedure which merely directs the fine details

21  of litigation unfairly minimizes this purpose."); Sample v. Big Lots Stores, Inc., 2010 WL 4939992

22  (N.D. Cal. Nov. 30, 2010) ("[A] PAGA claim serves to vindicate the public through the imposition

23  of civil penalties, as opposed to conferring a private benefit upon the plaintiff and the represented

24  employees."); Ochoa-Hernandez v. CJADER Foods, Inc., 2010 WL 1340777 (N.D. Cal. Apr. 2,

25  2010) (emphasizing the distinctions between class actions and PAGA claims); see also Molina v.

26  Dollar Tree Stores, Inc., 2013 U.S. Dist. LEXIS 138642, at *32 (C.D. Cal. Aug. 9, 2013); Pedroza v.

27  PetSmart, Inc., 2013 U.S. Dist. LEXIS 53794, at *49-50 (C.D. Cal. Jan. 28, 2013); Alcantar v.

28  Hobart Servs., 2013 U.S. Dist. LEXIS 5443, at *7-8 (C.D. Cal. Jan. 14, 2013); Gonzalez v. Millard

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Mall Servs., Inc., 281 F.R.D. 455, 469 (S.D. Cal. 2012); McKenzie v. Federal Express Corp., 765 F. Supp. 2d 1222, 1234 (C.D. Cal. Apr. 14, 2011); Cardenas v. McLane Food Service, Inc., 2011 WL 13126 (C.D. Cal. Jan. 31, 2011); Mendez v. Tween Brands, Inc., 2010 WL 2650571 (E.D. Cal. July 1, 2010); Machado v. M.A.T. & Sons Landscape, Inc., 2009 WL 2230788 (C.D. Cal. July 23, 2009). This Court agrees with the majority of decisions in this district that Plaintiffs need not satisfy the Rule 23 requirements in order to bring their PAGA claim.

The recent Ninth Circuit case, Baumann v. Chase Investment Servs. Corp., No. 12-55644 (9th Cir. Mar. 13, 2014), supports the distinction between PAGA and Rule 23 class actions, although it does not decide the issue. Id., slip op. at 15 ("We do not today decide whether a federal court may allow a PAGA action otherwise within its original jurisdiction to proceed under Rule 23 as a class action. We hold only that PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA."). Following an overview of PAGA, the Baumann court concluded that "a PAGA suit is fundamentally different than a class action." Id., slip op. at 13 (quoting McKenzie v. Fed. Express Corp., 765 F. Supp. 2d 1222, 1233 (C.D. Cal. 2011), which used that reasoning to hold that Rule 23 did not apply to PAGA claims in federal court). The court also noted that the nature of PAGA penalties is "markedly different than damages sought in Rule 23 class actions." Id. In conclusion, the Baumann court stated that "Rule 23 and PAGA are more dissimilar than alike. A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief." Id., slip op. at 14.

Defendant's citation to Urbino v. Orkin Servs. of Cal., 726 F.3d 1118 (9th Cir. 2013) does not compel a different result. Urbino did not address the interplay between Rule 23 and PAGA, or the obligation of a plaintiff bringing a PAGA claim to comply with Rule 23. Instead, Urbino addressed the question of whether the recoveries at issue in the PAGA claim could be aggregated to meet the amount in controversy requirement for diversity jurisdiction. The Urbino court held that the recoveries could not be aggregated, so the trial court lacked jurisdiction. In addition, Urbino did not accept or reject the California Supreme Court's interpretation of PAGA in Arias. Further, as later cases have pointed out, Urbino only addressed diversity jurisdiction, whereas this case was brought under the federal Class Action Fairness Act. Cf. Pagel v. Dairy Farmers of Am., Inc., 2013

1   U.S. Dist. LEXIS 176273, at 14, 17 (C.D. Cal. Dec. 11, 2013) (noting that <u>Urbino</u> was "a diversity

2   class action, not a CAFA case," and that "the Ninth Circuit's decision in <u>Urbino</u> addressed the

3   aggregation question only in the context of diversity jurisdiction, not in the context of CAFA.");

4   <u>Willner</u>, 2012 U.S. Dist. LEXIS 62227, at *24-25 ("Since PAGA plaintiffs neither represent the

5   rights of a class nor recover damages, a PAGA claim neither purports to be a class action nor intends

6   to accomplish the goals of a class action. It is not brought "on behalf of all [class] members," so it is

7   does not fall under the terms of Rule 23. Instead, a PAGA claim is a private law enforcement action

8   designed to further the reach of the LWDA.").  Moreover, <u>Urbino</u> focused on the fact that the

9   primary benefit of a PAGA claim would inure to the state, which was not a citizen for diversity

10  purposes -- a distinction reinforced in <u>Baumann</u>.  The <u>Urbino</u> court did not extensively opine on the

11  nature of PAGA in particular, nor did it specifically reject the law enforcement nature of a PAGA

12  claim.

13          **2.    Plaintiffs' PAGA claim is dismissed as unmanageable**

14          Defendants argue that Plaintiffs' PAGA claim is unmanageable as a representative action and

15  therefore should be dismissed, although Defendants conceded at the hearing that they had not found

16  any federal cases dismissing a PAGA claim as unmanageable.  Plaintiffs argue generally that PAGA

17  claims are routinely managed by trial courts, and that plaintiffs often rely on surveys or statistical

18  data in PAGA cases.  While Plaintiff referred to cases in which courts allowed the use of statistics or

19  surveys to prove damages, they could not point to any case that allowed such proof of liability, as

20  Plaintiffs propose to do here.[1]  Moreover, in many of the cases on which Plaintiffs rely, the burden

21  of proof was on the defendant to counter liability, for example, where the defendant had to

22  demonstrate that it kept adequate records to defeat a PAGA claim.  <u>See</u> <u>Alcantar v. Hobart Serv.</u>,

23  2013 U.S. Dist. LEXIS 5443, at *9 (C.D. Cal. Jan. 14, 2013).  Here, however, Plaintiffs do not

24  allege that Defendants failed to keep records that were legally required to be kept, nor do Plaintiffs

25  otherwise shift the burden of proof to Defendants.  Therefore, manageability issues are magnified in

26  this case.

27  _____

28          [1]      The California Supreme Court granted review of <u>Duran v. U.S. Bank Nat'l Ass'n</u>, 203
    Cal.App.4th 212 (2012), <u>review granted</u>, 275 P.3d 1266 (2012), regarding the use of statistical data or
    survey evidence to prove damages in a wage and hour case.

**United States District Court**
For the Northern District of California

For the reasons set forth below, the Court finds that the PAGA claim in this case is unmanageable.  In reaching this decision, the Court does not conclude that PAGA claims are unmanageable in general, but only that the circumstances of this case make the PAGA claim here unmanageable because a multitude of individualized assessments would be necessary.  Cf. Plaisted v. Dress Barn, Inc., 2012 WL 4356158, *2 (C.D. Cal. Sept. 20, 2012) ("And unlike class or representative actions seeking damages or injunctive relief for injured employees, the purpose of PAGA 'is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies.' To hold that a PAGA action could not be maintained because the individual assessments regarding whether a violation had occurred would make the claim unmanageable at trial would obliterate this purpose, as every PAGA action in some way requires some individualized assessment regarding whether a Labor Code violation has occurred.").

### A.   Claim for compensation for off-the-clock work

To prove an off-the-clock claim, a plaintiff must demonstrate that she actually worked off the clock, that she was not compensated for it, and that the employer was aware or should have been aware that she was performing off the clock work.  See York v. Starbucks Corp., 2011 U.S. Dist. LEXIS 155682, at *85-86 (C.D. Cal. Nov. 23, 2011).  Defendants argue that because the answers to these questions would vary widely among the aggrieved employees, Plaintiffs' PAGA claim seeking penalties for uncompensated off-the-clock work should be dismissed as unmanageable.  Plaintiffs argue that if Defendants failed to compensate an employee for work performed off-the-clock, then Defendants are liable to pay a penalty under PAGA.

Plaintiffs' argument assumes too much.  Plaintiffs must also prove that Defendants were aware or should have been aware that employees were working off the clock, which is contested.  To resolve that issue, Plaintiffs would have to present evidence about each IST to demonstrate that Defendants knew or should have known that an employee had conducted that IST and did so off the clock.  Further, Plaintiffs would have to overcome the presumption that the employees were not working off the clock because Defendants did keep records of employees clocking in and out: "[t]hat employees are clocked out creates a presumption they are doing no work, a presumption . . . the

United States District Court
For the Northern District of California

1  putative class members have the burden to rebut. As all parties agree, liability is contingent on proof

2  [the employer] knew or should have known off-the-clock work was occurring." Brinker Restaurant

3  Corp. v. Superior Court, 53 Cal.4th 1004, 1051 (2013). Proof of this claim would be unmanageable,

4  and could not be done with statistical or survey evidence but only with detailed inquires about each

5  employee claimed to have done so and her manager's knowledge thereof.

6       **B.    Claim for unreimbursed mileage**

7       As stated in the Court's order denying class certification, Plaintiffs' unreimbursed mileage

8  claim would require individualized inquiries about whether the claimed expenses were necessary

9  and incurred in direct consequence of the discharge of the employee's duties, whether the employee

10  actually sought reimbursement from Defendants for the expenses and whether Defendants

11  reimbursed the employee for the expense. Order at 18. The threshold question of whether an

12  employee incurred expenses varied widely in this case, as does the question of whether an expense

13  was necessary. See Grissom v. Vons Cos., Inc., 1 Cal.App.4th 52, 58 (1991) (stating that the

14  necessity of an expense under section 2802 is a question of fact that demands an inquiry into what

15  was reasonable under the circumstances). Thus, proof of this claim would be unmanageable.

16       Plaintiffs argue that Defendants have essentially admitted that they violated the Labor Code

17  by failing to reimburse mileage claims, so Defendants are liable. However, although there is

18  evidence that at least some employees did not get reimbursed, apparently often because they did not

19  apply for mileage, there is evidence that some employees used Defendant's vehicles rather than their

20  own, and even if some employees were not reimbursed for mileage while conducting ISTs in their

21  own vehicles, the Court would still need to receive evidence relating to which employees were

22  affected and which were not.

23       **C.    Claim for under-reimbursed mileage**

24       Plaintiffs' third subclass rests on the argument that the IRS standard rate is the presumptively

25  reasonable mileage rate. See Gattuso v. Harte Hanks Shoppers, Inc., 42 Cal.4th 554, 564-66 (2007).

26  As the Court stated in its order denying class certification:

27       The Gattuso case does not hold that the IRS rate is presumptively reasonable; rather,
        the Gattuso Court stated that the IRS rate was widely used by private business

28       employers and that California Labor Code section 2802 permits use of the IRS rate to
        calculate expense reimbursement. The Gattuso court also noted that there are two

                                                  7

United States District Court
For the Northern District of California

1  ways to compensate for mileage: (1) the actual expense method, which requires
   employees to keep detailed and accurate records of amounts spent in fuel,
2  maintenance, repairs, insurance, registration and depreciation, apportioned between
   personal and business use; and (2) the mileage reimbursement method, which
3  requires employees only to submit the number of miles driven to the employer, which
   then multiplies the work-required miles by a predetermined amount that approximates
4  the per-mile cost of owning and operating a vehicle. Gattuso, 42 Cal.4th at 568.

5  Ortiz, et al. v. CVS Caremark Corp., et al., 2013 WL 6236743, 12 (N.D. Cal. Dec. 2, 2013).

6       Defendants here used the mileage reimbursement method.  Plaintiffs argued at the hearing

7  that because Defendants have the burden of demonstrating that the rate was reasonable, this portion

8  of the PAGA claim is manageable.  Plaintiffs' argument, however, is based on a misreading of

9  Gattuso, which states in relevant part:

10      Because a mileage rate used in the mileage reimbursement method is merely an
        approximation of actual expenses, the mileage reimbursement method is
11      inherently less accurate than the actual expense method. . . .  If the employee
        can show that the reimbursement amount that the employer has paid is less than
12      the actual expenses that the employee has necessarily incurred for
        work-required automobile use (as calculated using the actual expense method),
13      the employer must make up the difference.

14  Id. at 569.  Thus, any challenge to Defendants' mileage reimbursement method would require

15  Plaintiffs to show that the mileage reimbursement was less than each employee's actual expenses,

16  which would require highly individualized questions such as the make and vintage of each vehicle

17  used, whether it was financed or leased and, if so, at what cost, and the type of fuel used.

18  **Conclusion**

19      For the reasons stated at the hearing and in this Order, Defendants' Motion to Strike is

20  granted.

21      **IT IS SO ORDERED.**

22  Dated: March 18, 2014

23                                                    ELIZABETH D. LAPORTE
                                                      United States Chief Magistrate Judge

24

25

26

27

28